**Case No. 21-50715**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

Students for Fair Admissions, Incorporated,
    *Plaintiff-Appellant*

v.

University of Texas at Austin; James B. Milliken, Chancellor of the University of Texas System in his Official Capacity; Steven Leslie, Executive Vice Chancellor for Academic Affairs of the University of Texas System in his Official Capacity; Daniel H. Sharphorn, Vice Chancellor and General Counsel of the University of Texas System in his Official Capacity; Jay Hartzell, Interim President of the University of Texas at Austin in his Official Capacity; Board of Regents of the Texas State University System; David J. Beck, Member of the Board of Regents in his Official Capacity; Christina Melton Crain, Member of the Board of Regents in her Official Capacity; Kevin P. Eltiffe, Member of the Board of Regents in his Official Capacity; R. Steven Hicks, Member of the Board of Regents in his Official Capacity; Jodie Lee Jiles, Member of the Board of Regents in his Official Capacity; Janiece Longoria, Member of the Board of Regents in her Official Capacity; Nolan Perez, Member of the Board of Regents in his Official Capacity; Kelcy L. Warren, Member of the Board of Regents in his Official Capacity; James C. (Rad) Weaver, Member of the Board of Regents in his Official Capacity; Daniel Jaffe, Interim Executive Vice President and Provost; Rachelle Hernandez, Senior Vice Provost for Enrollment Management and Student Success; Miguel Wasielewki, Executive Director for Office of Admissions,
    *Defendants-Appellees*

The Black Student Alliance; Texas Orange Jackets; Texas NAACP; Adaylin Alvarez; Morgan Bennett; Liz Kufour; Brianna Mallorie McBride; Desiree Ortega-Santiago; Nima Rahman; Alexandra Trujillo; Rosaleen Xiong,
    *Intervenor Defendants-Appellees.*

On Appeal from the United States District Court Western District of Texas, Austin Division, Civil Action No. 1:20-cv-763 (Pitman, J.)

**UNOPPOSED MOTION TO PLACE THE APPEAL IN ABEYANCE**

William S. Consovoy
Thomas R. McCarthy
J. Michael Connolly
Cameron T. Norris
Steven C. Begakis
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, Virginia 22209
Telephone: (703) 243-9423
Email: mike@consovoymccarthy.com

**Counsel for Plaintiff-Appellant Students for Fair Admissions, Inc.**

On January 24, the Supreme Court of the United States granted certiorari in two cases that were brought by Plaintiff-Appellant Students for Fair Admissions (SFFA): *Students for Fair Admissions v. President and Fellows of Harvard College*, No. 20-1199, and *Students for Fair Admissions v. University of North Carolina et al.*, No. 21-707. Because the Supreme Court's disposition of these petitions will likely affect the outcome of SFFA's case against the University of Texas at Austin (UT), the Court should place this appeal in abeyance pending the Supreme Court's decisions in *Harvard* and *University of North Carolina*.

1.   On July 20, 2020, SFFA sued UT for racial discrimination in its admissions process. ROA.25. SFFA alleged that UT violates Title VI and sections 1981 and 1983 of the Civil Rights Act in four ways: by failing to use race merely as a "plus" factor; by using race where there are workable race-neutral alternatives; by engaging in racial balancing; and by using race as a factor in admissions at all. ROA.67-75.

2.   On July 26, 2021, the district court granted UT summary judgment, holding that SFFA's claims were barred under claim preclusion due to the Supreme Court's decision in *Fisher v. University of Texas at Austin*, 579 U.S. 365 (2016). According to the district court, SFFA's claims were claim-barred because SFFA was in "privity" with Ms. Fisher and SFFA's case and the *Fisher* case "'involve[d] the same claim or cause of action.'" ROA.1536-43.

3.   On August 5, 2021, SFFA appealed the decision to this Court. ROA.1547.

4. On October 4, 2021, SFFA filed its opening brief, arguing that the district court improperly held that SFFA's claims were barred under claim preclusion.

5. On December 3, 2021, UT and the Intervenors filed their response briefs, arguing that the district court properly held that SFFA's claims were barred under claim preclusion. Alternatively, UT and the Intervenors urged the Court to affirm on the alternative grounds that SFFA lacked standing to bring its claims and SFFA's claims were barred by issue preclusion.

6. On January 10, 2022, SFFA filed its reply brief, arguing that none of the grounds urged by UT and the Intervenors supported affirmance of the decision below.

7. On January 24, 2022, the Supreme Court of the United States granted certiorari in *Students for Fair Admissions v. President and Fellows of Harvard College*, No. 20-1199, and certiorari before judgment in *Students for Fair Admissions v. University of North Carolina et al.*, No. 21-707. The Court consolidated the two cases for oral argument.

8. Both *Harvard* and *University of North Carolina* share the same question presented: "Should this Court overrule *Grutter v. Bollinger*, 539 U.S. 306 (2003), and hold that institutions of higher education cannot use race as a factor in admissions?" In addition, both cases raise a second question: whether each university's use of race in the admissions process complies with existing precedent. *See* Pet. i, *Students for Fair Admissions v. President and Fellows of Harvard College*, No. 20-1199; Pet. i, *Students for Fair Admissions v. University of North Carolina et al.*, No. 21-707.

9. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

10. It is "common practice" for courts to "postpone the final disposition of a case pending an upcoming decision in the United States Supreme Court." *Carter v. United States*, No. 06-cv-225, 2007 WL 2439500, at *3 (D. Vt. Aug. 23, 2007); *see, e.g., Whole Woman's Health v. Paxton*, 10 F.4th 430, 437 (5th Cir. 2021) (noting that the "case [was held] in abeyance pending the Supreme Court's decision in *June Medical Servs. LLC v. Russo*, 140 S. Ct. 2103 (2020)); *Dresser-Rand Co. NLRB*, 576 F. App'x 332, 333 (5th Cir. 2014) (noting that "the appeal was placed in abeyance pending a decision from the U.S. Supreme Court in *NLRB v. Noel Canning*, 134 S. Ct. 2550 (2014)).

11. Here, if SFFA prevails in *Harvard* and *University of North Carolina*, it is highly likely that those decisions will affect the disposition of this appeal. Res judicata is no defense where "there has been an intervening change in the law." *Jackson v. DeSoto Par. Sch. Bd.*, 585 F.2d 726, 729 (5th Cir. 1978). In addition, if SFFA has standing to sue Harvard and the University of North Carolina, it necessarily has standing to sue the University of Texas. Staying this appeal pending the resolution of *Harvard* and *University of North Carolina* thus would promote judicial economy and preserve party and judicial resources.

12.　　SFFA has conferred with UT and the Intervenors. They do not oppose the motion to hold the case in abeyance.

For the foregoing reasons, the Court should grant SFFA's motion and place this appeal in abeyance pending the decisions from the Supreme Court of the United States in *Harvard* and *University of North Carolina*.

Respectfully submitted,

By: */s/ J. Michael Connolly*
William S. Consovoy
Thomas R. McCarthy
J. Michael Connolly
Cameron T. Norris
Steven C. Begakis
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, Virginia 22209
Telephone: (703) 243-9423
Email: mike@consovoymccarthy.com

**Counsel for Plaintiff-Appellant Students for Fair Admissions, Inc.**

## CERTIFICATE OF CONFERENCE

On February 2, 2022, undersigned counsel conferred with counsel for Appellees and counsel for Intervenor Defendants-Appellees, who advised that they do not oppose the motion.

*/s/ J. Michael Connolly*
J. Michael Connolly

# CERTIFICATE OF COMPLIANCE

This motion complies with (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 834 words, excluding the parts exempted by Rule 32(f); and (2) the typeface and type style requirements of Rule 27(d)(1)(E) because it has been prepared in proportionally spaced typeface (14-point Garamond). Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of a commercial virus scanning program and is free of viruses.

*/s/ J. Michael Connolly*
J. Michael Connolly

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that on February 7, 2022, I electronically filed the foregoing Unopposed Motion to Place the Appeal in Abeyance with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Matthew C. Powers
    William G. Christian
    Marianne W. Nitsch
    GRAVES, DOUGHERTY, HEARON & MOODY, P.C.
    401 Congress Avenue, Suite 2700
    Austin, TX 78701
    Telephone: (512) 480-5757
    Facsimile: (512) 536-9926
    Email: mpowers@gdhm.com
    Email: wchristian@gdhm.com
    Email: mnitsch@gdhm.com

    David Hinojosa
    LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
    1500 K Street NW, Suite 900
    Washington, DC 20005
    Telephone: (202) 662-8307
    Email: dhinojosa@lawyerscommittee.org

    Neil Gilman
    HUNTON ANDREWS KURTH LLP
    2200 Pennsylvania Avenue, NW
    Washington, DC 20037
    Telephone: (202) 955-1674
    Email: ngilman@huntonak.com

    Brian C. Pidcock
    HUNTON ANDREWS KURTH LLP
    600 Travis Street, Suite 4200
    Houston, TX 77002

Telephone: (713) 220-3916
Email: brianpidcock@huntonak.com

*/s/ J. Michael Connolly*
J. Michael Connolly